# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00352-CV

### N. L., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

**FROM THE 146TH DISTRICT COURT OF BELL COUNTY**
**NO. 301,027-B, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Mother N.L. appeals from the trial court's decree terminating her parental rights to her children W.T. and I.T., who were eight and six at the time of the final hearing. The Texas Department of Family and Protective Services sought custody after an investigator responding to a report of neglectful supervision found that the children were living in unsanitary conditions, that there was little or no food in the house, and that it appeared the children had little in the way of clothing, bedding, or toys. The investigator also expressed concerns because "it appeared to have some trafficking going in and out of the home," reporting that a neighbor had witnessed drug dealing from the home, and because N.L. had permitted "several adults with extensive criminal history, to include illegal substance charges, to live in the home and have access to her children." In June and October 2018, N.L. took hair follicle tests, both of which were positive

for cocaine. The children's hair was also tested in June 2018—I.T.'s test was positive for cocaine, and W.T.'s was positive for cocaine and marijuana.

At the final hearing, the trial court heard testimony from a Department caseworker, the children's guardian ad litem, N.L., and N.L.'s sister.[1] The caseworker testified about the children's hair follicle tests and the conditions from which they were removed; that N.L. took two hair follicle tests that were positive for cocaine but denied any drug use; that N.L. had not completed many of her services, including therapy; that the siblings had to be separated from each other due to fighting and because I.T. made an outcry of sexual abuse against W.T.; that W.T. showed "extensive behaviors where she has wanted to harm herself and has had to be hospitalized"; and that W.T.'s behavior and mental health had improved through her participation in a therapeutic foster home. The guardian ad litem testified similarly, noting that the children came into care testing positive for cocaine—"the same drug that [N.L.] tested positive for"—but that N.L. had denied any drug use. She also testified that N.L. had not made progress on her family plan and had "been very threatening" to the ad litem on several occasions. N.L. testified, denying any drug use and asserting that she had attempted to comply with her family plan. She also testified that the Department investigator had exaggerated the unsanitary conditions in the home and that W.T. had not displayed the behavioral issues reported during the case while W.T. lived with her. The trial court found that N.L. had engaged in conduct or placed the children with others who engaged in conduct that endangered the children's well being and that termination was in the children's best interest. *See* Tex. Fam. Code § 161.001(b)(1)(E), (2).

---

[1] The trial was held via video conference due to COVID-19. *See* Second Amended Emergency Order Regarding COVID-19, Travis County Civil & Family Courts, Admin. File No. GN-61-121012, signed and filed May 7, 2020.

On appeal, N.L.'s court-appointed attorney has filed a motion to withdraw supported by an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeal from termination of parental rights). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Reg. Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied). N.L.'s counsel has certified to this Court that he provided N.L. with a copy of the *Anders* brief and motion to withdraw and advised her of her right to examine the appellate record and to file a pro se brief. To date, N.L. has not filed a pro se brief. The Department responded to the *Anders* brief, stating that it would not file a brief unless we requested one.

We have conducted an independent review of the record, including the *Anders* brief submitted on N.L.'s behalf. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Taylor*, 160 S.W.3d at 647. We have found nothing in the record that might arguably support an appeal, and we agree with counsel that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's decree terminating N.L.'s parental rights. Counsel's motion to withdraw is denied.[2]

 

_____

Jeff Rose, Chief Justice

---

[2] The Texas Supreme Court has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Accordingly, counsel's obligation to N.L. has not yet been discharged. *See id.* If N.L., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27-28.

Before Chief Justice Rose, Justices Baker and Kelly

Affirmed

Filed:   December 10, 2020